NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVER OROPEZA-PAZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-1896 <br><br> Agency No. <br> A074-822-179 <br><br> MEMORANDUM[*] |
| EVER OROPEZA-PAZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-980 <br><br> Agency No. <br> A074-822-179 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2025[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: M. SMITH and N.R. SMITH, Circuit Judges, and RAYES, District Judge.[***]

Ever Oropeza-Paz, native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) (1) affirming an immigration judge's (IJ) denial of Oropeza-Paz's request for deferral of removal under the Convention Against Torture Act (CAT) and (2) denying Oropeza-Paz's motion to reopen.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.[2]

1.      Oropeza-Paz bears the burden to show that "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Oropeza-Paz's individualized evidence of a likelihood of torture is premised on the fact that he has three visible tattoos related to the Little Valley gang, which operated in East Los Angeles, California but is not affiliated with any gangs in Honduras. We have recognized that the agency "must consider the risk of torture posed by conspicuous tattoos that display affiliation with a gang, for deportation to a country where gang members are routinely tortured." *Andrade v.*

---

[***]     The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

[1]     Oropeza-Paz did not challenge the IJ's denial of asylum or withholding of removal before the BIA or this panel. Thus, those issues are forfeited.

[2]     The temporary stay of removal remains in place until the mandate issues. Oropeza-Paz's motion to stay removal (Dkt. 2) is otherwise denied.

*Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015). However, we do not require the agency to accept a petitioner's speculation of "worst-case scenarios" based on country conditions alone. *See Blandino Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013). "[G]eneralized evidence of violence and crime in [Honduras that] is not particular to [Oropeza-Paz] . . . is insufficient to meet th[e] standard" for showing that "it is more likely than not that [he] would be tortured if returned." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). We review the agency's factual determinations for substantial evidence and uphold those determinations "unless the evidence in the record compels a contrary conclusion." *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007)).

The agency's conclusion that Oropeza-Paz failed to establish a likelihood of torture is supported by substantial evidence. In this case, Oropeza-Paz has not pointed to evidence in the record that would compel a conclusion that "someone in his circumstance is more likely than not to be [tortured]." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). To the contrary, Oropeza-Paz relies on generalized country conditions, which do not establish that gang members or Honduran officials would target him because of his visible gang related tattoos or deportee status. *See Delgado-Ortiz*, 600 F.3d at 1152. Although the reports confirm that Honduras has significant human rights violations, Oropeza-Paz has not

"demonstrate[d] that he, *in particular*, would more likely than not face torture with government consent or acquiescence upon his return to [Honduras]." *Tzompantzi-Salazar*, 32 F.4th at 706.

When assessing Oropeza-Paz's likelihood of torture, the agency considered that Oropeza-Paz did not suffer past torture. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) ("Evidence of past torture is relevant in assessing whether torture is more likely than not." (cleaned up)). The agency reasonably considered that his family members avoided issues with gangs by relocating. *See id.* at 1219 (explaining that we look at evidence "regarding whether that person could safely relocate to a different area of the country"). Additionally, the record supports the agency's conclusion that Oropeza-Paz's fear of future torture was based on a "hypothetical chain of events." *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1155 (9th Cir. 2022) ("[I]f an applicant would be tortured only if a single 'hypothetical chain of events' comes to fruition, CAT relief cannot be granted unless each link in the chain is 'more likely than not to happen.'" (quoting *Matter of J-F-F-*, 23 I. & N. Dec. 912, 917–18 (AG 2006))). Oropeza-Paz did not demonstrate that anyone was looking for him, that gangs or law enforcement would target him because of his gang tattoos, or that, if he were targeted or stopped because of his tattoos, he would be subjected to torture.

The record also does not compel a conclusion that Oropeza-Paz will be

targeted by Honduran officials or that Honduran officials would acquiesce in torture. First, Decree 717, a protocol implemented in El Salvador that allows the Department of Homeland Security to share criminal history of deportees with foreign countries, has not been implemented by Honduras. Second, as the IJ noted, the "treatment of criminal deportees with tattoos that [Oropeza-Paz] described, being questioned and warned, does not constitute torture." Finally, the record supports the agency's decision that it properly considered the aggregate risk of torture from all sources in its decision.

2.      Oropeza-Paz did not address the BIA's January 25, 2024 denial of his motion to reopen in his opening brief or reply brief. Accordingly, he has forfeited review of this petition. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

**PETITION DENIED.**